UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.11 CR 203-3 |
| | ) | |
| LESLIE WILLIAMS-OGLETREE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Defendant Leslie Williams-Ogletree has filed a motion for a new trial and for judgment of acquittal. For the reasons discussed below, Defendant's motion is denied.

On March 15, 2011, a federal grand jury returned an Indictment against Defendants Robtrel I. White, Larryl White, and Leslie Williams-Ogletree. (R. 1, Indict.) Count One of the Indictment charged all three Defendants with one count of conspiracy to file false claims upon an agency of the United States, in violation of 18 U.S.C. § 286. Counts Two though Six of the Indictment charged Defendants Williams-Ogletree and Robtrel White with five counts of filing false claims upon an agency of the United States, in violation of 18 U.S.C. § 287. Defendants Robtrel White and Larryl White pleaded guilty. Defendant Leslie Williams-Ogletree proceeded to trial on January 14, 2013. On January 16, 2013, the jury convicted her of all six counts. Defendant now moves to set aside the verdict or, in the alternative, for a new trial.

## I. Federal Rule of Criminal Procedure 29

### A. Legal Standard

"In challenging the sufficiency of the evidence, [a defendant] bears a heavy, indeed, nearly insurmountable, burden." *United States v. Warren*, 593 F.3d 540, 546 (7th Cir. 2010); *see also United States v. Dinga*, 609 F.3d 904, 907 (7th Cir. 2010); *United States v. Morris*, 576 F.3d 661, 665-66 (7th Cir. 2009). "A defendant challenging the sufficiency of the evidence 'must convince [a court] that even after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found him guilty beyond a reasonable doubt.'" *Warren*, 593 F.3d at 546 (quoting *United States v. Moore*, 572 F.3d 334, 337 (7th Cir. 2009)); *see also United States v. Eller*, 670 F.3d 762, 765 (7th Cir. 2012) (stating that the evidence should be viewed "in the light most favorable to the prosecution"); *United States v. Doody*, 600 F.3d 752, 754 (7th Cir. 2010) (noting that a court reviewing a Rule 29 motion asks "whether evidence exists from which any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt").

In other words, a court will "set aside a jury's guilty verdict only if 'the record contains no evidence, regardless of how it is weighed,' from which a jury could have returned a conviction." *United States v. Presbitero*, 569 F.3d 691, 704 (7th Cir. 2009) (quoting *United States v. Moses*, 513 F.3d 727, 733 (7th Cir. 2008)); *see also Warren*, 593 F.3d at 546. In conducting the Rule 29 inquiry, courts "do not reassess the weight of the evidence or second-guess the trier of fact's credibility determinations." *United States v. Arthur*, 582 F.3d 713, 717 (7th Cir. 2009); *see also United States v. Severson*, 569 F.3d 683, 688 (7th Cir. 2009). This strict

standard is a recognition that "[s]orting the facts and inferences is a task for the jury."[1] *Warren*, 593 F.3d at 547.

B.  **Analysis**

During the course of the trial, the government called the following witnesses: IRS Special Agent Carissa Lyons Kane, Kathy Mendez from the IRS, Shirley Carter from Chase Bank, six taxpayer witnesses, and IRS Revenue Agent Teresa Kulasa. The government also introduced numerous exhibits.

At trial, the government's evidence established that beginning at least in 2005, Defendant Williams-Ogletree owned and operated a tax preparation business in Chicago, Illinois called LKJ Tax and Financial Service ("LKJ"). LKJ applied for and obtained from the IRS an electronic filing identification number ("EFIN") that enabled LKJ to electronically file individual income tax returns. (*Id.*) The government introduced 200 false and fraudulent individual tax returns filed in 2006 for the 2005 tax year. The government's evidence showed that each of these false and fraudulent individual income tax returns was electronically filed with the IRS under the

---

[1] The Supreme Court has expressed courts' deference to the jury "most plainly":

> The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Moore*, 572 F.3d at 337 (quoting *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)) (emphasis in original).

EFIN that Defendant Williams-Ogletree had obtained for LKJ. Each return represented that the individual in whose name the return was filed was due a refund of several thousand dollars. The refund claims were supported by false and fictitious W-2 forms and tax statements. None of these individuals received refunds.

In addition, the fraudulent returns were electronically filed under Chase Bank's refund anticipation loan ("RAL") program. Under the RAL program, Defendant Williams-Ogletree obtained her tax preparation fee directly from Chase Bank, not the individual "taxpayer" under whose name the returns were filed. Significantly, during 2006, Defendant received over $62,000 in "refund" fees from Chase bank. These fees went directly into Defendant's personal banking account. Moreover, the RAL program enabled LKJ to generate the claimed refund check on Chase Bank checks. Specifically, the tax preparer could cut the checks to the "taypayers." The evidence showed that the "refund" checks were deposited in the bank account of Defendant's co-conspirator, Robtrel White. Defendant thereafter deposited approximately $28,900 in cash deposits into her personal bank account. She then spent the money in this account on personal items, such as home repairs, department store charges for shoes and clothing, and utilities.

Defendant's tax returns – which the government did not argue were fraudulent – reflected a significant increase in her income during 2006. Specifically, Defendant's 2006 tax return reflected gross receipts from LKJ of $105,000, compared to $9,406 in 2004, $18,000 in 2005, and $37,772 in 2007. This increase in gross receipts is further evidence of her involvement in the fraud in 2006.

Six taxpayer victims also testified. They testified that the tax returns filed in their names under Defendant's EFIN were false and that they never received the refund as set forth in the

fraudulent return. They testified that they did not attempt to have a tax return prepared for them during the year in question and that they did not know Defendant Williams-Ogletree. They further testified that the address listed on their respective tax returns was inaccurate. Two of the taxpayers testified how their personal identifying information, as well as that of a family member who was also a victim of the scheme, had been sold to co-conspirator Larryl White. Three other taxpayer victims testified how they had lost their personal identifying information during the relevant time period.

Viewing the evidence in the light most favorable to the government, the evidence more than adequately supports the jury's verdict.

## II. Federal Rule of Criminal Procedure 33

### A. Legal Standard

"Under Rule 33 of the Federal Rules of Criminal Procedure, a district court 'may vacate any judgment and grant a new trial if the interest of justice so requires.'" *United States v. McGee*, 408 F.3d 966, 979 (7th Cir. 2005) (quoting Fed. R. Crim. P. 33); *see also United States v. Smith*, 674 F.3d 722 (7th Cir. 2012). "'[C]ourts have interpreted [Rule 33] to require a new trial in the interests of justice in a variety of situations in which the substantial rights of the defendant have been jeopardized by errors or omissions during trial.'" *United States v. Eberhart*, 388 F.3d 1043, 1048 (7th Cir. 2004) (quoting *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989)), *overruled on other grounds*, 546 U.S. 12, 126 S. Ct. 403 (2005). "'A jury verdict in a criminal case is not to be overturned lightly, and therefore a Rule 33 motion is not to be granted lightly.'" *Eberhart*, 388 F.3d at 1048 (quoting *United States v. Santos*, 20 F.3d 280, 285 (7th Cir. 1994)).

5

Ultimately, a court may grant a new trial if the jury's verdict is "so contrary to the weight of the evidence that a new trial is required in the interest of justice." *United States v. Washington*, 184 F.3d 653, 657 (7th Cir. 1999) ("The focus in a motion for a new trial is not on whether the testimony is so incredible that it should have been excluded. Rather, the court considers whether the verdict is against the manifest weight of the evidence, taking into account the credibility of the witnesses."); *see also United States v. Chambers*, 642 F.3d 588, 592 (7th Cir. 2011). Stated differently, "[t]he court should grant a motion for a new trial only if the evidence 'preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand.'" *United States v. Swan*, 486 F.3d 260, 266 (7th Cir. 2007) (quoting *United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989)); *see also Presbitero*, 569 F.3d at 706.

**B.     Analysis**

Defendant has moved for a new trial based on five alleged errors during the course of her trial. As an initial matter, each argument is presented in one sentence. Defendant Leslie Williams-Ogletree has not developed any of her arguments, nor has she cited any supporting law. The Seventh Circuit has made clear that undeveloped and merely perfunctory arguments like this are waived. *See United States v. Hassebrock*, 663 F.3d 906, 914 (7th Cir. 2011) (finding the argument was "decidedly underdeveloped and therefore waived"); *United States v. Foster*, 652 F.3d 776, 792 (7th Cir. 2011) ("As we have said numerous times, undeveloped arguments are deemed waived[.]") (internal quotation marks and citation omitted). Despite Defendant's waiver, the Court will briefly address each argument.

### 1. Motions in Limine Rulings

Defendant first contends that the court "erred when it ruled in favor of certain government motions in limine". The Court granted the government's motions in part and denied them in part. Because Defendant has not identified which motions in limine or why the Court erred, the Court hereby incorporates by reference its ruling on these motions. (*See* R. 107, Opinion).

### 2. Defendant's Tax Records

Defendant claims that the Court "erred when it allowed the government pursuant to a pretrial ruling to introduce Defendant's tax records into evidence." The Court previously addressed this issue in advance of trial, and incorporates that ruling here. (R. 107 at 5-8). Furthermore, in ruling on this issue in advance of trial, the Court invited Defendant to submit a limiting instruction for the jury. Defendant failed to do so.

### 3. Redactions to Indictment

Next, Defendant asserts that the Court "erred in allowing certain redactions to the indictment." Defendant has failed to identify which redactions and failed to articulate any reason why such redactions were erroneous. The Court, therefore, denies this waived argument.

### 4. Jury Instructions

Defendant argues that the Court "erred when it refused to give one of Defendant's requested jury instructions." Defendant, however, has failed to identify which instruction and why it was an error. As such, the Court denies this basis for a new trial.

### 5. Objections

Finally, Defendant argues that the Court "erred in granting certain government objections at trial." It is unclear precisely which objections are at issue. Without any specificity, this aspect of the motion is denied.

Defendant has failed to provide any basis for a new trial.

### **CONCLUSION**

For the reasons discussed above, Defendant's motion is denied.

Dated: February 21, 2013                    ENTERED:

_____
AMY J. ST. EVE
United States District Court Judge