**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 11 CR 203-3 |
| v. | ) | |
| | ) | Hon. Amy J. St. Eve |
| | ) | |
| LESLIE WILLIAMS-OGLETREE | ) | |

## ORDER

Defendant Leslie Williams-Ogletree has moved the Court again to reduce her sentence. Defendant's motion [216] is denied.

## STATEMENT

On March 16, 2011, a grand jury returned an indictment charging Defendant and her two co-defendants, Robtrel White and Larryl White, with various offenses arising from a conspiracy to file false income tax returns in order to fraudulently obtain income tax refunds for the tax years 2005-07. Specifically, Count 1 charged Defendant with one count of conspiracy to submit false claims to the United States in violation of 18 U.S.C. § 286 and Counts 2 through 6 charged Defendant with submitting false claims to the United States in violation of 18 U.S.C. § 287. On January 16, 2013, a jury returned a guilty verdict against Defendant on each count. On May 9, 2013, the Court sentenced Defendant to concurrent terms of 51 months in prison on each count — which was at the low end of Defendant's guideline range of 51-63 months.

Defendant appealed her sentence to the United States Court of Appeals for the Seventh Circuit arguing that the Court erred in calculating the tax loss under U.S.S.G. § 2T1.1(c)(1) and in assessing the sentencing factors under 18 U.S.C. § 3553. On June 3, 2014, the Seventh Circuit affirmed. *See United States v. Williams-Ogletree*, 752 F.3d 658 (7th Cir. 2014). Defendant then filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. The Court denied her Section 2255 motion on October 28, 2014. *See United States v. Williams-Ogletree*, 2014 WL 5464995 (N.D. Ill. Oct. 28, 2014). On January 26, 2016, Defendant Williams-Ogletree moved the Court to lower her sentence on the grounds that the government did not prove the amount of loss at sentencing. The Court denied her motion on April 4, 2016.

Defendant now moves the Court to reduce her sentence pursuant to 18 U.S.C. 3582(c) given the Sentencing Commission's Amendment 794 to the Sentencing Guidelines, which became effective on November 1, 2015. The amendment modified the Guidelines' commentary regarding Guideline 3B1.2, Mitigating Role. The amendment did not change the substance of the Guideline.

As the Court has noted before, a district court does not have the authority to modify a term of imprisonment unless certain requirements under 18 U.S.C. § 3582(c) are met. Defendant has not identified any such requirements. Moreover, Amendment 794 is not retroactive thus it does not apply to Defendant. As the government points out, even if Amendment 794 applied retroactively, it would not change Defendant's Guideline calculation or Defendant's sentence. Accordingly, the Court denies her motion to reduce her sentence.

**Dated: January 4, 2017**

**AMY J. ST. EVE**
**United States District Court Judge**